IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-556-BO

| | |
|---|---|
| LYNN HANKS BRANDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 23, 25]. A hearing on this matter was held in Raleigh, North Carolina on August 28, 2014. The Commissioner appeared at the hearing via video feed. For the reasons discussed below, this matter is REMANDED to the Commissioner for further consideration.

## BACKGROUND

On September 27, 2010, plaintiff protectively applied for disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401–33, alleging an onset date of June 30, 2007. The claims were denied initially and upon reconsideration. On March 22, 2012, an Administrative Law Judge (ALJ) held a hearing and rendered an unfavorable decision on April 20, 2012. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). A finding that the decision of the Commissioner is or is not supported by substantial evidence is only possible when the record as a whole is so clearly one-sided as to make clear the proper determination. *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011). Remand for further proceedings is the proper action in any case that requires further fact finding. *See Smith v. Schweiker*, 795 F.2d 343, 348 (4th Cir. 1986) (remanding to Agency where there record evidence was insufficient to order a finding of disability).

In evaluating whether a claimant is disabled, an ALJ uses a multi-step process. First, a claimant must not be able to work in a substantial gainful activity. 20 C.F.R. § 404.1520. Second, a claimant must have a severe impairment that significantly limits his or her physical or mental ability to do basic work activities. *Id.* Third, to be found disabled, without considering a claimant's age, education, and work experience, a claimant's impairment must be of sufficient duration and must either meet or equal an impairment listed by the regulations. *Id.* Fourth, in the alternative, a claimant may be disabled if his or her impairment prevents the claimant from doing past relevant work and, fifth, if the impairment prevents the claimant from doing other work. *Id.* The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. [Tr. 21]. Ms. Brandon's osteoarthritis, degenerative disc disease, morbid obesity, and hypertension qualified as severe impairments at step two but were not found alone or in combination to meet or equal a Listing at step three. [Tr. 21–22]. After finding plaintiff's statements not entirely credible, the ALJ concluded that plaintiff could perform the full range of medium work, including her past relevant work as a housekeeper. [Tr. 22–25]. Thus, the ALJ determined that Ms. Brandon was not disabled as of the date of the opinion.

The ALJ's RFC finding is not supported by substantial evidence. The ALJ makes an RFC assessment based on all of the relevant medical and other evidence. An RFC finding should reflect a claimant's ability to perform sustained work-related activities in a work setting on a regular and continuing basis, meaning eight hours per day, five days per week. SSR 96–8p; *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006). In formulating plaintiff's RFC and determining that she could do medium work, the ALJ rejected the opinions of the two state agency physicians because they provided "no opinion as to the claimaint's residual functional capacity," and also stated that plaintiff's treating physicians did not give opinions concerning her ability to perform work activities. [Tr. 24]. Both state agency physicians noted that there was not enough evidence in the record on which to formulate an opinion. [Tr. 59, 64–65]. Thus, it is unclear on what basis the ALJ formulated her opinion that Ms. Brandon was capable of "lifting, carrying, pushing and pulling 50 pounds occasionally and 25 pounds frequently and standing, walking, and sitting 6 hours in an 8-hour day." [Tr. 22]. The only evidence before the ALJ regarding Ms. Brandon's limitations was her own testimony that she could only sit for about 15 minutes before her back hurts, has difficulty standing for more than five minutes, falls down

3

every other day, cannot reach above her head, and can only carry about five or ten pounds at a time. [Tr. 39–43].

The ALJ also found that plaintiff's statements concerning her medical condition were neither entirely credible nor supported by the medical evidence. [Tr. 24]. In 2008, X-rays showed mild medial degenerative changes in her knee and plaintiff was diagnosed with bilateral pedal edema. [Tr. 184–85]. The following year, a computerized topography (CT) scan showed degenerative disc disease throughout her cervical spine, with degenerative changes in both the lumbar and thoracic spines. [Tr. 245–47]. The medical impression after this 2009 CT scan included "degenerative changes," "Facet arthropathy and foraminal narrowing at multiple levels along the right side of the cervical spine," and anterior osteophytes in the upper thoracic spine consistent with degenerative changes. In 2010, plaintiff reported that her pain was ten-out-of-ten with movement. [TR. 229]. X-rays that year showed early osteoarthritis in the second and fourth metacarpal, degenerative changes in the left acromioclavicular joint, mild effusion in both knees, tricompartmental degenerative changes with medial compartment joint space narrowing, degenerative right acromioclavicular joint changes with glenohumeral joint degenerative changes. [Tr. 257]. Following a prescription for Mobic, plaintiff's pain lessened, but plaintiff still reported pain at the only subsequent medical visit [Tr. 254].

Substantial evidence does not support a finding that plaintiff could perform a full range of daily activities. Substantial evidence does support a finding that her subjective complaints of pain, which are supported by the objective medical evidence, continued to be severe and that as a consequence her ability to sit or stand for extended periods was greatly limited.

Because the ALJ failed to properly evaluate plaintiff's ability to do her past relevant work given the substantial evidence in the record, including the uncontroverted evidence that plaintiff

4

continues to suffer from severe pain and her ability to lift items, sit and stand are limited, remand of this matter is required. On remand, the ALJ is directed to re-evaluate plaintiff's RFC and her ability to do her past relevant work in light of the treatment notes from 2008 relating to plaintiff's chronic pain, and the treating physicians' notes. Given the lack of expert evidence in the record, a consultative examination is recommended. Additionally, the ALJ also mentioned at the hearing that she would check on the applicability of a Title XVI claim. [Tr. 49]. On remand, the ALJ is directed to address this issue as well and determine whether plaintiff is eligible for SSI benefits under Title XVI.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings [DE 23] is GRANTED and defendant's motion for judgment on the pleadings [DE 25] is DENIED. This matter is REMANDED to the Commissioner for further proceedings consistent with this decision.

SO ORDERED.

This 5 day of September, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

5