IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-556-BO

| | |
|---|---|
| LYNN HANKS BRANDON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court on plaintiff's Motion for attorney's fees and costs pursuant to 28 U.S.C. § 2412(d), the Equal Access to Justice Act (EAJA). [DE 31]. For the reasons discussed below, plaintiff's motion is GRANTED.

## BACKGROUND

Ms. Brandon sought appellate review of the Commissioner's decision before this Court on August 6, 2013. On August 28, 2014, a hearing was held in Raleigh, North Carolina, after which this Court remanded the matter back to the Commissioner for further proceedings. Plaintiff now seeks an award of attorney's fees in the amount of $4,112.50 for 23.5 hours of work spent on the appeal. Defendant argues that plaintiff's failure to allege that the Commissioner's position was not substantially justified renders plaintiff's Motion deficient. In the alternative, plaintiff argues that the government's position was substantially justified.

## DISCUSSION

Under the EAJA, parties who prevail in litigation against the United States are entitled to payment for reasonable attorney's fees unless the United States was "substantially justified" in its litigatory position. 28 U.S.C. § 2412(d)(1)(A). In order to establish eligibility for an award under the Act, the claimant must show that he is (i) the prevailing party; (ii) that the

1

government's position was not substantially justified; (iii) that no special circumstances make an award unjust; and (iv) that the fee application was submitted to the court within thirty days of final judgment and was supported by an itemized statement. *See Crawford v. Sullivan*, 935 F.2d 655, 656 (4th Cir. 1991). In "determining whether the government's position in a case is substantially justified, we look beyond the issue on which the petitioner prevailed to determine, from the totality of the circumstances, whether the government acted reasonably in causing the litigation or in taking a [particular] stance during the litigation." *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993).

Here, the Commissioner attacks only the substantial justification prong, first contending that plaintiff's Motion is defective for failing to allege that the Commissioner's position was not substantially justified. Assuming without deciding that plaintiff did, in fact, initially fail to allege that the Commissioner's position was substantially unjustified, the Court finds that plaintiff cured that defect by so alleging in her reply. [DE 35].

The Commissioner next contends that the government's position was substantially justified. Review of the record and arguments presented in this matter reveal this not to be the case. As detailed in the Court's order remanding the case to the Commissioner [DE 29], the residual functional capacity formulated by the Administrative Law Judge (ALJ) has absolutely no support in the record. Accordingly, the Appeals Council should have remanded the matter back to the ALJ on its own and the Commissioner should have conceded that point when faced with this litigation. As such, the Commissioner's position in contesting the litigation to the extent it did here could not satisfy a reasonable person, and an award of fees is appropriate.

"Once the district court determines that plaintiffs have met the threshold conditions for an award of fees and costs under the EAJA, the district court must undertake the 'task of

2

Case 5:13-cv-00556-BO   Document 37   Filed 02/19/15   Page 2 of 3

determining what fee is reasonable.'" *Hyatt v. Barnhart*, 315 F.3d 239, 253 (4th Cir. 2002) (citation omitted). In determining the amount of a fee, a court considers, *inter alia*, the extent of plaintiff's success, the novelty and complexity of the issues presented, the experience and skill of the attorney, and the typical range of compensated hours in a particular field. *Dixon v. Astrue*, No. 5:06-CV-77-JG, 2008 WL 360989, *3–*4 (E.D.NC. Feb. 8, 2008). A court has great discretion to determine the fee award so long as the fee is reasonable. *Hyatt*, 315 F.3d at 254. Here, plaintiff requests $4,112.50 for 23.5 hours of work. Plaintiff was successful, and plaintiff's counsel has demonstrated that he is an experienced attorney in the Social Security field. The Court has further reviewed the amount of time expended and the rates at which counsel has billed and finds that they are reasonable and that the amount requested will not result in a windfall to counsel. *Hensley v. Eckerhart*, 461 U.S. 424, 430 n.4 (1983); *see also Quade ex rel. Quade v. Barnhart*, 570 F.Supp.2d 1164, 1167–1168 (D. Ariz. 2008) (noting that the "Court will not micromanage an attorney's approach to a case"); *Attia v. Astrue*, No. 1:06-cv-00778-SMS, 2008 WL 2620376, *3 (E.D.Ca. July 3, 2008) (finding fifty-one hours reasonable where brief was lengthy, administrative record was lengthy, and counsel was experienced).

CONCLUSION

For the foregoing reasons, plaintiff's motion for EAJA fees is GRANTED and plaintiff's counsel is awarded fees in the amount of $4,112.50.

SO ORDERED, this 19 day of February, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3

Case 5:13-cv-00556-BO   Document 37   Filed 02/19/15   Page 3 of 3